Owens v Braun (2024 NY Slip Op 04914)

Owens v Braun

2024 NY Slip Op 04914

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. 100405/22 Appeal No. 2756-2756A Case No. 2023-04904 

[*1]Alonzo Owens, Plaintiff-Appellant,
v
Richard F. Braun, Defendant-Respondent.

Alonzo Owens, appellant pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.

Judgment, Supreme Court, New York County (Richard Latin, J.), entered April 3, 2023, insofar as appealed from, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 27, 2023, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court correctly dismissed the complaint for lack of personal jurisdiction because plaintiff's affidavit of service demonstrates, on its face, that the requirements of CPLR 308(2) were not met. There is no indication that the papers were delivered to a person of suitable age and discretion (see Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762 [2d Dept 2019]). The papers were mailed to defendant's actual place of business by priority mail rather than first class mail (see id. at 763; Zabari v Zabari, 154 AD3d 613, 614 [1st Dept 2017]), and there is no indication that the mailing envelope bore the "personal and confidential" legend (see Mastropierro v Bennett, 233 AD2d 483, 484 [2d Dept 1996]).
Even if plaintiff had established jurisdiction over defendant, the action would be barred by judicial immunity (see generally Jordan v Schlesinger, 138 AD3d 465, 466 [1st Dept 2016]).
In view of our disposition of these issues, we need not reach the parties' arguments with respect to the sufficiency of plaintiff's allegations.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024